Robert M. Green & Sons Co., Appellant, *v.*
Hazlett & Johnston.

Argued April 23, 1929.

Before Trexler, Keller, Gawthrop, Cunningham and Baldrige, JJ.

*Charles A. Woods,* for appellant.—A vendor is not required to sell rejected goods at once: Huessener v. Fishel & Marks Co., 281 Pa. 553.

A vendor has the right to resell rejected goods: Atl. City T. & R. Corp. v. Southwark F. & M. Co., 289 Pa. 569.

*Robert R. Elder,* for appellee.—A vendor should not delay in the sale of rejected goods: Lamborn v. Kirkpatrick & Company, 288 Pa. 114.

OPINION BY KELLER, J., July 2, 1929:

This was an action for damages for breach of contract. Defendants had made a written contract with plaintiff for the purchase of a soda water fountain and equipment, and paid $150 on account. Later they endeavored to cancel the contract, without legal ground for doing so. Plaintiff declined to accept the cancellation and shipped the fountain to defendants, who refused to accept it from the carrier. Plaintiff stored the fountain and subsequently exposed it to sale, and purchased it at such sale for $300 which was $1,050 less than the balance due on the contract; and brought suit for this amount, with costs of storage and expenses of sale. The jury returned a verdict for plaintiff of $354.30. Plaintiff appealed, assigning as error the refusal of the court below to enter judgment for the full amount of its claim as above.

There were in evidence in the case certain circumstances which might lead a jury to doubt that the

price bid by plaintiff at the sale of the fountain and for which it was struck down by plaintiff's attorney, acting as auctioneer, represented the fair market value of the fountain at or about the time it was refused by defendants, or that the difference between the unpaid purchase money and this bid, plus the accumulated storage charges and expenses of sale, was the true measure of damages due the plaintiff. For example, defendants attempted to cancel the contract on June 10, 1924; the fountain was shipped on June 13, 1924, and refused on or about June 24, 1924; it was not sold until May of the following year, though plaintiff's agent said the best season for selling such fountains was in the fall, lasting from October to April; and that their value was steadily declining because of the advent of frigidaire equipment. The sale was advertised for Thursday, May 14, 1925, at three o'clock P. M. Eastern Standard time, at the Union Storage Company's office at Second and Liberty Avenues, Pittsburgh. It was not held at that time or place because plaintiff's agent learned, he testified, about fifteen minutes before the hour fixed, that the fountain, in its original crate, was at the Union Storage Company's warehouse on Smallman Street and "the sale then, of course, was postponed." Whether notice of such adjournment was given publicly was disputed. The postponed sale was held four days later, without further advertisement, not at the warehouse of the Union Storage Company on Smallman Street, but at the office of the plaintiff's attorney, who acted as auctioneer and knocked down the fountain, without its production there, to the plaintiff, on his own and only bid for it of $300.

There was evidence on behalf of the defendants that the fair market value of the fountain and equipment reasonably following the date of the breach of the

contract was between ten hundred and eleven hundred dollars.

In view of this evidence the jury were not bound to accept the price bid by plaintiff at the postponed sale in its attorney's office as conclusive of the market price of the fountain at the time of the defendants' refusal to accept (Sales Act of 1915, P. L. 543, sec. 64; Rees v. Bowers Co., 280 Pa. 474, 481) or during the season available for the sale of such fountains following the breach: Huessener v. Fishel & Marks, 281 Pa. 535, 540; or find that the plaintiff's claim represented the loss directly and naturally resulting, in the ordinary course of events, from the defendants' breach of contract. Plaintiff produced no other evidence than the details of the sale.

We do not think defendants were concluded by the evidence of plaintiff's agent as to the value of the fountain in July, 1924, and May, 1925, even though called by them as an expert witness. It was for the jury to decide between the several witnesses as to value and their varying testimony, and whether or not plaintiff used reasonable care, judgment and diligence in disposing of the fountain.

The plaintiff did not ask for a new trial, but only for judgment non obstante veredicto for its full claim. This it was not entitled to ask as a directed verdict, in the circumstances here shown.

The assignments of error are overruled and the judgment is affirmed.